UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY LEE LEWIS,

    Plaintiff,

v.                                              Case No. 8:03-CV-121-T-24TBM

DRUG ENFORCEMENT ADMINISTRATION, et al.,

    Defendants.
_____/

## ORDER

    Lewis filed a civil complaint in the United States District Court for the District of Columbia naming as the defendants the Drug Enforcement Administration ("D.E.A.") and individual officers, two members of this Court, unknown and unnamed Assistant United States Attorneys, and City of Tampa police officers. The District Court for the District of Columbia initially granted leave to proceed *in forma pauperis* but dismissed the complaint without prejudice (Doc. 7) based *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C.

§ 2254."). However, the court granted Lewis's Rule 59 motion, vacated the dismissal and transferred the case to this district, because it was not clear to that court whether Lewis's allegations regarding Fourth Amendment violations were related to his present confinement.

Lewis is serving a sentence of life imprisonment without the possibility of parole, imposed in *United States v. Anthony Lee Lewis*, 8:93-CR-249-T-26TGW, in this district. Lewis alleges in the present civil complaint that his constitutional rights were violated regarding, *inter alia*, intercepted wire communications and the use of allegedly fraudulent search warrants. In 2003 this court *sua sponte* rejected the claims (Doc. 16) and in 2005 the circuit court dismissed the appeal as frivolous. (Doc. 33) Now, more than five years after the appeal concluded, Lewis moves for reconsideration pursuant to Rule 60(b)(6), Federal Rules of Civil Procedure.

In his motion Lewis disagrees with this court's dismissal of the original complaint and contends that (1) *Heck* is inapplicable, (2) the *sua sponte* dismissal was inappropriate because the defendants are required to assert the affirmative defense of absolute immunity and the immunity is no bar to injunctive relief, (3) the *sua sponte* dismissal was inappropriate because the defendants are required to assert the affirmative defense of time-bar and the statute of limitation should have tolled because of the defendants fraud and fraudulent concealment, (4) his claims under 18 U.S.C. §§ 241, 242, and 2511 are not frivolous, and (5) he has the right to sue under 18 U.S.C. § 2520 and the statute of limitation was equitable tolled. Lewis is improperly using Rule 60(b) because each contention challenges the substance of the order dismissing the civil rights complaint. A Rule 60(b) motion is proper if it "attacks, not the substance of

the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005).

Lewis's allegations of fraud and fraudulent concealment do not pertain to this case. Lewis cites no improper conduct occurring in this civil rights case. Each allegation of fraud and fraudulent concealment applies to the search warrants and wire taps authorized in the criminal case. Lewis cannot rely on allegedly fraudulent actions that occurred in the criminal case as a basis for Rule 60(b) relief in this civil rights case. Consequently, the Rule 60(b) motion for relief from judgment lacks merit.

Accordingly, the Rule 60(b) motion for relief from judgment (Doc. 37) and the other related motions* are **DENIED**.

ORDERED in Tampa, Florida, on June 2, 2010.

Susan C. Bucklew
UNITED STATES DISTRICT JUDGE

SA/ro

---

* Lewis also requests that the court (1) report crimes committed by officials regarding the search warrants and illegal wire taps (Doc. 38) and (2) take judicial notice of the Freedom of Information Act requests and responses (Doc. 39). These motions suffer the same defect as the Rule 60(b) motion, that is, they relate to allegedly fraudulent activity that occurred in the criminal case and not in this civil rights case.